## Gorrell v. Florida Farms Company. · : · ·

(Decided June 18, 1915.)

### Appeal from Todd Circuit Court.

1. Appeal and Error—Rejected Pleading—How Made Part of Record. —A rejected pleading will not be considered on appeal unless made part of the record by order of court, or by inclusion in the bill of exceptions. When the former method is adopted, the rejection of the pleading must be shown by an endorsement thereon signed by the trial judge, and it must then be referred to in an order making it part of the record. However, if the pleading be included at length in the bill of exceptions, the certificate of the trial judge sufficiently identifies it.

2. Pleading—Sufficiency of Petition.—The petition set out herein is held bad on demurrer for uncertainty.

PETRIE & STANDARD for appellant.

JAMES R. MALLORY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This is an appeal from a judgment of the Todd Circuit Court, sustaining a demurrer to and dismissing the petition, in an action filed therein by W. T. Gorrell against Florida Farms Company.

So much of the petition as is pertinent is here copied:

"Plaintiff states that on the ............... day of August, 1912, he purchased from the said defendant, a tract of land containing about forty acres, in the county of St. John, State of Florida, the agreed purchase price of said land being the sum of fourteen hundred dollars; that the said defendant thereupon executed and delivered to him its bond for title to said land, and this plaintiff paid to said defendant upon said land the sum of nine hundred and fifty dollars, the remainder of the purchase price therefor being due August 1st, 1915.

"Plaintiff states that thereafter, to-wit, on the 9th day of June, 1913, he entered into a contract with the said defendant, which is in words and figures as follows:

" 'June 9, 1913. For and in consideration of one dollar to me in hand paid, receipt of which is hereby acknowledged, I hereby agree to sell to the Florida

Farms Company or their assigns, the forty acres of land I purchased from them, at the same price and for the same money I paid them, and the money to be paid to me on or before January first, 1914, or when bond for deed I now hold is surrendered by me; Florida Farms to have possession of the forty-acre tract and improvements until January 1st, 1914, or until sold. (Signed) W. T. Gorrell.'

"Plaintiff alleges that said contract was duly signed, executed and delivered by him to the defendant, Florida Farms Company, and same was accepted by them, and the said defendant agreed to pay to him the sum of $950.00, being the amount of the purchase price of said land paid by him to defendant as aforesaid, on or before the first day of January, 1914, or when the aforesaid bond was surrendered by him; that pursuant to the aforesaid contract, the defendant, Florida Farms Company, took possession of the said tract of land, and has ever since said time had the possession and control of same under the contract aforesaid.

"Plaintiff states that on the ............... day of February, 1914, he demanded of the defendant that it should pay to him the said sum of $950.00, and offered to surrender to it the bond aforesaid, and now offers to surrender same, and has at all times been willing to surrender same, and the defendant failed and refused and still refuses to pay said sum or any part thereof, and denied all liability under the contract aforesaid, and claimed that the same only constituted an option on its part to buy the said land, and that it was not liable to this plaintiff for any amount paid by him to it for the said land."

It will be observed that the petition fails to state that there was any contract or agreement between the parties whatever. It says that he entered into a contract with the defendant, "which is in words and figures as follows," and then copies the writing filed with his petition. He says that the said contract (meaning the writing) was duly executed and delivered to the defendant and was accepted by them, and that the defendant agreed to pay him the sum of $950.00, being the amount of the purchase price of said land paid by him to defendant as aforesaid; but he nowhere states that the defendant bought any land from him nor does he say that there was any agreement on the part of defendant to buy the land. The writing mentioned is

signed only by the plaintiff, and it says that he agrees to sell to the defendant the forty acres of land purchased by him from defendant, at the same price he paid for it, but the writing fails to state that defendant agreed to purchase the land from the plaintiff at any price; and the petition therefore, taking the allegations and the writing together, fails to state what the defendant agreed to do, if anything.

The writing is susceptible of more than one construction. It might be construed to be simply an option given by the plaintiff to defendant, permitting defendant to purchase from plaintiff the land mentioned, at the price he had paid for it; or, it might be as contended by appellant construed to be a title bond, evidencing the fact that defendant had purchased from plaintiff the land therein mentioned upon the terms therein stated; but the petition fails to state whether either of these facts, and if so, which one, exists.

If there had been a contract between the parties and the contract reduced to writing and signed by the parties, the writing would be evidence of the contract; but the petition fails to show that the parties made a contract, or to allege the terms of any contract so made, or that any contract was reduced to writing, or that any memorandum of the contract entered into by them was made. The plaintiff alleges that he entered into a contract with defendant, "which is in words and figures as follows," but the writing so pleaded itself shows that if they made any contemplated contract, it was a verbal one and not a written one signed by defendant.

2. An amended petition was offered to be filed; but as this was not properly made a part of the record by order of court or embodied in the bill of exceptions, it cannot be considered on appeal. This rule is well settled.

Judgment affirmed.